NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0649
    Facsimile: (213) 894-2927
    E-mail:   devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
    1400 New York Avenue, NW
    Washington DC 20005
    Telephone: (202) 514-1564
    Facsimile: (202) 514-1793
    E-mail:   lauren.kupersmith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ARLAN WESLEY HARRELL, et al.,<br><br>      Defendants. | No. CR 17-404(A)-AB-1 & 2<br><br>[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**NEW TRIAL DATE:**    08-11-2020<br>**MILS:**    07-09-2020<br>**Opps:**    07-23-2020<br>**FPTC:**    07-30-2020 |

Having heard from plaintiff, the United States of America, by and through its counsel of record, Assistant United States Attorney Devon Myers, Department of Justice Trial Attorney Lauren S. Kupersmith, and defendant Wesley Arlan Harrell ("defendant

Harrell"), both individually and by and through his counsel of record, Deputy Federal Public Defender Kim Savo, and defendant John Brinson, Jr. ("defendant Brinson"), both individually and by and through his counsel of record, Gregory Nicolaysen, at a status conference held before this Court on January 24, 2020, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The indictment in this case, which charged only defendant Harrell, was filed on June 27, 2017. Defendant Harrell first appeared before a judicial officer of the court in which the charges in this case are pending on May 30, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Harrell on or before September 5, 2017.

2. On July 28, 2017, the first superseding indictment in this case was filed, charging defendant Harrell, defendant Brinson (collectively, "defendants"), and two others for whom the trial date has been vacated. Defendant Brinson first appeared before a judicial officer of the court in which the charges in this case are pending on July 21, 2017. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence against defendant Brinson on or before October 6, 2017.

3. The Court initially set trial dates of August 29, 2017, for defendant Harrell, and October 3, 2017, for defendant Brinson (collectively, the "Original Trial Dates").

4. Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately two weeks. Defendants are joined for trial and a severance has not been granted.

5. On July 28, 2017, a federal grand jury returned a First Superseding Indictment charging defendants with 15 counts including engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), which carries a mandatory minimum term of imprisonment of 20 years and a statutory maximum sentence of life imprisonment and numerous counts of production of child pornography. Defendant Harrell was also charged with obtaining a minor for purposes of engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2251A(b)(1), which carries a 30-year mandatory minimum sentence. The government has informed defendants that it will likely supersede the indictment to capture additional criminal violations discovered after the First Superseding Indictment was filed since the case is proceeding to trial and it is important to hold defendants accountable for the full scope of their criminal conduct.

6. The government has produced more than 82,000 pages of discovery to the defense. Discovery in this case includes numerous audio and video recordings, investigative reports, financial and cellular telephone records, and forensic reports. The government has produced more than 49 gigabytes of discovery. Additionally, the government has made available for review at a government facility the extraction results and the finalized forensic reports, which contain child pornography and, therefore, cannot be produced. The discovery in this case also includes sensitive and private information of child victims/witnesses, which is subject to the privacy protections of 18 U.S.C. § 3509(d), as well as discovery related to ongoing investigations. Accordingly, the Court entered a

protective order to prevent the unauthorized dissemination, distribution, or use of materials containing the sensitive information.  The government has segregated all of the protected discovery, which includes law enforcement reports, redacted forensic materials, and audio and video recordings of interviews, marked these materials as being produced pursuant to protective order, and has produced these materials along with the other discovery.  The protected discovery in this case is voluminous.  For example, there are over 20 identified victims in this case; those who are verbal have been forensically interviewed.  The video recordings of these interviews span many hours, with just one victim/witness interview typically running several hours.  There are a small number of Reports of Investigation outstanding as well as documents the government typically produces at the time of trial, which it is reviewing and hoping to produce in advance of trial.

7.   The Court has previously continued the trial date in this case from the Original Trial Dates to March 3, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

8.   On January 24, 2020, this Court held a status conference. Defendants appeared in person with their counsel of record.  Upon the request of defendants through counsel, the Court continued the trial date from March 3, 2020, to August 11, 2020.  This Order supplements that findings and orders made by the Court at that conference.

9.   Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery produced to

defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

10. On January 7, 2020, defendant Harrell's current counsel substituted in as counsel of record. Defense counsel for defendant Harrell is schedule to be in the following trials/events:

- United States v. Kowalcyzk, cr. No. 18-825-PSG, possession with intent to distribute narcotics, 2 to 3 day trial, set for February 25, 2020.
- United States v. Godfree, Cr. No. 19-242-JAK, mail theft and aggravated identity theft, 3 to 4 day trial, set for March 3, 2020.
- United States v. Tucker, Cr. No. 19-497-VAP, counterfeit securities, 1 to 2 day trial, set for March 3, 2020.
- United States v. Chavol, Cr. No. 572(A)-JFW, narcotics distribution and conspiracy, 2 to 3 day trial, set for March 10, 2020.
- United States v. Hanna, 19-CR-691-AB, conspiracy to defraud the United States, three day trial, set for April 7, 2020.
- United States v. Olivera, 19-cr-528-CJC, conspiracy to defraud the United States and medicare fraud, estimated to last one week, set for April 7, 2020.
- Teaching seminar on April 23-24.
- United States v. Madi, 18-CR-846-PSG, narcotics conspiracy and death resulting, estimated to last four days, set for May 12, 2020.

5

- United States v. Cardenas, 19-CR-510-CAS, narcotics distribution and conspiracy, estimated to last three days, set for June 16, 2020.

Accordingly, counsel for defendant Harrell will not have the time that she believes is necessary to prepare to try this case on the current trial date. Additionally, defense counsel for defendant Harrell has a direct conflict with the current trial date and cannot be available. Notably, because counsel for defendant Harrell recently substituted as counsel, she also has to become familiar with the voluminous discovery, which is the primary reason that defendants sought a continuance here and the primary reason the Court granted the request to continue the trial date.

11. Counsel for defendant Brinson is scheduled to be in the following trials:

- United States v. Sumlin, 18-CR-473-CAS, firearms trial, estimated to last two to three days, set for February 11, 2020.
- United States v. Merejil, et al., 18-CR-774, narcotics conspiracy, estimated to last one week, set for March 3, 2020.
- United States v. Chavez-Gastellum, et al., 17-CR-432, narcotics conspiracy and money laundering case, estimated to last one to two weeks, set for March 10, 2020.
- United States v. Garza, et al., 16-CR-684, narcotics conspiracy, estimated to last one week, set for March 10, 2020.

6

- United States v. Chiu, et al., 19-CR-393(A)-JAK, narcotics conspiracy, estimated to last one week, set for March 17, 2020.
- United States v. Landa-Rodriguez, et al., a 70 defendant RICO and narcotics conspiracy case, estimated to last four to six weeks, set for March 30, 2020.
- United States v. Iro, et al., 19-CR-380, a money laundering conspiracy, estimated to last one week, set for April 14, 2020.
- United States v. Landeros-Cisneros, et al., 19-CR-609, a narcotics and money laundering case, estimated to last one week, set for trial on April 28, 2020.
- United States v. Williams, et al., 19-CR-427-VAP, a narcotics conspiracy case, estimated to last one to two weeks, set for April 28, 2020.
- United States v. Laredo, et al., 18-CR-892-AB, a twenty-six defendant RICO case, estimated to last two to three weeks, set for trial on May 19, 2020.
- United States v. Alvarez-Caro, et al., 19-CR-362-AB, a narcotics conspiracy case, estimated to last one week, set for trial on July 28, 2020.

Accordingly, counsel for defendant Brinson will not have the time that he believes is necessary to prepare to try this case on the current trial date. Additionally, because defense counsel for defendant Brinson has a direct conflict with the current trial date, he will not be available to try the case on the current trial date.

12. In light of the foregoing, counsel for defendants need additional time to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial given that a pretrial resolution is highly unlikely to occur.

13. On August 2, 2019, defendant Brinson filed a motion to suppress his post-arrest statements. On August 9, 2019, defendant Harrell filed a motion to suppress his post-arrest statements. On August 12, 2019, defendant Brinson filed a motion to suppress evidence seized from his vehicle on the day of this arrest. On August 22, 2019, defendant Harrell filed a motion to suppress evidence seized from his residence as well as his person, and a motion to sever. On October 17, 2019, after a hearing, the Court denied defendant Harrell's and defendant Brinson's motions.

14. Defendants' counsel has conferred with defendants regarding defendants' rights under the Speedy Trial Act. In addition, the Court inquired of defendant Harrell and defendant Brinson in open court regarding their Speedy Trial Act rights. Each defendant stated that he understands his rights under the Speedy Trial Act and that he knowingly and voluntarily waives those rights and agrees to the trial schedule included in this Order. Defendants further believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

15. The government objects to the continuance given that the case is more than two years post-indictment and the victims have the

right for the case to proceed to trial promptly. That said, the government also recognizes that counsel for defendant Harrell must have time to become familiar with the voluminous discovery.

16.  The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

17.  The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

18.  Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

19.  The case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

20.  Failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from March 3, 2020, to August 11, 2020. The final pretrial conference is continued to July 30, 2020.  The briefing schedule for any motions in limine shall be: motions filed on July 9, 2020, and oppositions filed on July 23, 2020.

2. The time period of March 3, 2020, to August 11, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (B)(iv), and (h)(1)(D).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____                    _____
 DATE                                              HONORABLE ANDRÉ BIROTTE, JR.
                                                   UNITED STATES DISTRICT JUDGE

Presented by:

    /s/
_____
DEVON MYERS
Assistant United States Attorney