TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal and National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime/Cyber & IP Crimes Sections
        1300/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-8559/0649
        Facsimile: (213) 894-2927
        E-mail:    kim.meyer@usdoj.gov
                   devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
        1301 New York Avenue, NW
        Washington DC 20005
        Telephone: (202) 514-1564
        Facsimile: (202) 514-1793
        E-mail:    lauren.kupersmith@usdoj.gov
                   Kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S MEMORANDUM IN AID OF DEFENDANT ARLAN WESLEY HARRELL'S CHANGE OF PLEA |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

        Plaintiff United States of America, by and through its attorneys

of record, the United States Attorney's Office for the Central

District of California and Assistant United States Attorneys Devon

Myers and Karen I. Meyer and Department of Justice Trial Attorneys
Lauren Kupersmith and Kyle P. Reynolds, hereby submits this
memorandum in aid of defendant ARLAN WESLEY HARRELL's ("defendant")
Rule 11 plea.  At the change of plea hearing set for May 14, 2021, it
is the government's understanding that defendant intends to plead
guilty to all of the charges in which he is named in the Second
Superseding Indictment, without a plea agreement.  The government
hereby files a brief statement regarding the elements, penalties, and
facts supporting those counts in which defendant is named: Counts One
through Five and Seven through Twenty-Four.


 Dated: May 11, 2021                Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney

                                    BRANDON D. FOX/CHRISTOPHER D. GRIGG
                                    Assistant United States Attorneys
                                    Chiefs, Criminal/National Security
                                    Divisions


                                          /S/
                                    _____
                                    DEVON MYERS
                                    KAREN I. MEYER
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

1

**MEMORANDUM**

2

**I.    INTRODUCTION**

3    Defendant Arlan Wesley Harrell ("defendant") has indicated that

4  he intends to plead open to all counts of the Second Superseding

5  Indictment ("SSI") in which he is named.  The parties attempted to

6  negotiate a factual basis on which they agreed.  Defense counsel's

7  preference is to only use those facts alleged in the SSI.  The

8  government is concerned, however, that a factual basis of only those

9  facts in the SSI may be insufficient for it to be clear to the Court

10  that defendant understands the nature of the charges.

11    For example, in United States v. Rivillas, the Court held that

12  reading the indictment in a conspiracy case was not sufficient to

13  indicate that the defendant understood the charges against him.  243

14  F.3d 551, *1-2 (9th Cir. 2000)(unpub.) ("Reading the indictment aloud

15  was also inadequate under Rule 11. Although simply reading the

16  indictment may suffice in some cases to inform a defendant of the

17  nature of the charges against him, Rule 11 is not satisfied unless

18  there is evidence on the record that the defendant understands the

19  nature of the charges. . . . Conspiracy is a complex charge, esoteric

20  to an accused, and we have consistently reversed guilty pleas when,

21  as here, the district court failed to explain the nature of a

22  conspiracy charge to the defendant." (internal citations and

23  quotations omitted)); see also United States v. Kramer, 781 F.2d

24  1380, 1384 (9th Cir. 1986) ("in non-complex cases, a reading of the

25  indictment may suffice").

26    Given that this case involves a significant sentencing exposure

27  for defendant, that some of the charges are complex or involve

28

statutory language whose meaning is not always clear on its face, the government proposes the factual basis below.  The government's proposed factual basis hews closely to the language of the SSI but also uses more plain language in place of legal terms of art and includes some additional details that the government believes will help the Court be assured that defendant understands the nature of the charges against him.

## II.  GUILTY PLEA

Defendant is pleading guilty to all counts in the twenty-four count SSI in which he is charged in <u>United States v. Arlan Wesley Harrell, et al.</u>, 17-cr-404(B)-AB, which are counts One through Five and Seven through Twenty-Four.

Count One charges defendant with Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g).  Count Two charges defendant with Obtaining Custody of A Child To Produce Child Pornography, in violation of Title 18, United States Code Section 2251A(b).  Counts Three through Five charge defendant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), as well as the alternate theory of aiding and abetting the Production of Child Pornography in violation of Title 18, United States Code, Section 2(a).  Counts Seven through Twenty-Three charge defendant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e).  Count Twenty-Four charges defendant with Possession of Child Pornography in violation of title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

III. **NATURE OF THE OFFENSE**

1.    For defendant to be guilty of the crime charged in Count One, that is, Child Exploitation Enterprise, in violation of Title 18, United States Code, Section 2252A(g), the following must be true: (1) defendant knowingly produced, advertised, transported, distributed, or received child pornography in violation of Chapter 110 of Title 18, United States Code, as part of a series of felony violations constituting three or more separate incidents; (2) the incidents involved more than one victim; and (3) the defendant committed those offenses in concert with three or more other persons.

2.    For defendant to be guilty of the crime charged in Count Two, that is, Obtaining Custody of A Child To Produce Child Pornography, in violation of Title 18, United States Code Section 2251A(b), the following must be true: (1) defendant purchased or otherwise obtained custody or control of a minor, or otherwise offered to purchase or otherwise obtain custody or control of a minor; (2) defendant (a) knew that as a consequence of the purchase or obtaining of custody, the minor would be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct; or (b) defendant intended to promote either the engaging in of sexually explicit conduct by such minor for the purpose of producing any such visual depiction or the rendering of assistance by the minor to any other person to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct; and (3) (a) the minor or defendant traveled or was transported in or affecting interstate or foreign commerce; (b) the offer was communicated or transported using any means or facility of

3

interstate or foreign commerce or in or affecting interstate or

foreign commerce by any means including by computer, or using the

mail; or (c) the conduct took place in any territory or possession of

the United States.

3.    For defendant to be guilty of the crime charged in Counts

Three, Four, Five, and Seven through Twenty-Three, that is,

Production of Child Pornography, in violation of Title 18, United

States Code, Sections 2251(a), (e), the following must be true: (1)

at the time of the offense, the victim was under the age of 18 years;

(2) defendant employed, used, persuaded, induced, enticed, or coerced

the victim to take part in sexually explicit conduct for the purpose

of producing a visual depiction of such conduct; and (3) (a) the

visual depiction was actually transported and transmitted using any

means or facility of interstate and foreign commerce and in and

affecting interstate commerce; or (b) the defendant knew or had

reason to know that the visual depiction would be transported or

transmitted using any means or facility of interstate or foreign

commerce or in or affecting interstate commerce; or (c) the visual

depiction was produced or transmitted using materials that have been

mailed, shipped, or transported in or affecting interstate or foreign

commerce by any means, including by computer.

4.    For defendant to be guilty of Aiding and Abetting the

Production of Child Pornography, as charged as an alternative theory

in Counts Three, Four and Five, in violation of Title 18, United

States Code, Section 2251(a), the following must be true: (1) someone

else committed the production of child pornography; (2) defendant

aided, counseled, commanded, induced or procured that person with

4

1  respect to at least one element of the production of child

2  pornography; (3) defendant acted with the intent to facilitate the

3  production of child pornography; and (4) defendant acted before the

4  crime was completed.

5      5.  For defendant to be guilty of the crime charged in Count

6  Twenty-Four, that is, possession of child pornography, in violation

7  of title 18, United States Code, Section 2252(a)(4)(B), (b)(2), the

8  following must be true: (1) defendant knowingly possessed one or more

9  matter that defendant knew contained visual depictions of minors

10 engaged in sexually explicit conduct; (2) defendant knew that the

11 visual depictions showed minors engaged in sexually explicit conduct;

12 (3) defendant knew that the production of such visual depictions

13 involved use of a minor in sexually explicit conduct; and (4) the

14 visual depiction had been either: (a) transported using any means or

15 facility of interstate commerce or in or affecting interstate

16 commerce or (b) produced using materials that had been transported

17 using any means or facility of interstate commerce or in or affecting

18 in interstate or foreign commerce by computer or other means.

19 **IV.  PENALTIES**

20     6.  The statutory maximum sentence that the Court can impose

21 for a violation of Title 18, United States Code, Section 2252A(g),

22 is: life imprisonment; a lifetime period of supervised release; full

23 restitution to the victims of the offense; a fine of $250,000 or

24 twice the gross gain or gross loss resulting from the offense,

25 whichever is greatest; and a mandatory special assessment of $100 and

26 a $5,000 special assessment pursuant to title 18, United States Code,

27 Section 3014 if the Court determines defendant is non-indigent.

28

7.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251A(b), is: life imprisonment, a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

8.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

9.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2), is: twenty years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

10.   The total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $5,750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; a mandatory special assessment of $2,300 and a trafficking special assessment of $115,000, if the Court determines that defendant is not indigent.

11.   The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(g), is: 20 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

12.   The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251A(b), is: 30 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

13.   The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), is: 15 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

14.   The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252(a)(4)(B), is: five years' supervised release; and a mandatory special assessment of $100.

15.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

7

1  release imposed, defendant may be returned to prison for all or part

2  of the term of supervised release authorized by statute for the

3  offense that resulted in the term of supervised release.

4      16.  By pleading guilty, defendant may be giving up valuable

5  government benefits and valuable civic rights, such as the right to

6  vote, the right to possess a firearm, the right to hold office, and

7  the right to serve on a jury.  Once the Court accepts defendant's

8  guilty pleas, it will be a federal felony for defendant to possess a

9  firearm or ammunition.  The convictions in this case may also subject

10  defendant to various other collateral consequences, including but not

11  limited to revocation of probation, parole, or supervised release in

12  another case and suspension or revocation of a professional license.

13  Defendant understands that unanticipated collateral consequences will

14  not serve as grounds to withdraw defendant's guilty pleas.

15      17.  If defendant is not a United States citizen, the

16  convictions in this case makes it practically inevitable and a

17  virtual certainty that defendant will be removed or deported from the

18  United States.  Defendant may also be denied United States

19  citizenship and admission to the United States in the future.

20  Defendant understands that while there may be arguments that

21  defendant can raise in immigration proceedings to avoid or delay

22  removal, removal is presumptively mandatory and a virtual certainty

23  in this case.  Removal and immigration consequences are the subject

24  of a separate proceeding and that no one, including his attorney or

25  the Court, can predict to an absolute certainty the effect of his

26  convictions on his immigration status.  Defendant nevertheless

27  affirms that he wants to plead guilty regardless of any immigration

28

consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

18.  As a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Independent of supervised release, defendant will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.  The defendant must register and keep the registration current in each jurisdiction in which the defendant resides, is an employee, or is a student. Requirements for registration include providing, among other information, the defendant's true name, residence address, and names and addresses of any places where the defendant is or will be an employee or student.  The requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status.  Failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

V.    **FACTUAL BASIS**

19.  The United States  submits that this statement of facts is sufficient to support pleas of guilty to the charges described in this document, but it is not meant to be a complete recitation of all

facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

As to Count 1, HARRELL (a/k/a "soole," "fritters," "kronos," and "the dread king") was a member of "Website A," which was an Internet-based, members-only bulletin board dedicated to the production, advertisement, transportation, receipt, distribution, and possession of child pornography depicting children five years old or younger. HARRELL was a member of Website A and that he made posts under the username "Soole."  When HARRELL was a member, Website A had over one thousand members.  Its members used screen names to mask their identities, followed security rules regarding remaining anonymous, and needed to use a network that masked each member's Internet Protocol address.

Members could make "posts" to Website A that often included child pornography images and videos and links to child pornography. Members could make these posts in different sections of Website A that were dedicated to child pornography depicting children of certain ages and genders.  Website A also allowed members to ascend to certain "ranks" based on the extent of that member's participation in Website A, including the amount of child pornography the member shared over the website.

HARRELL joined Website A on approximately February 12, 2016 and made approximately 155 posts to other Website A users.  For example, acting in concert with co-defendant, John Richard Brinson, and other members of Website A, HARRELL made the following posts on Website A:

- On November 3, 2016, HARRELL made a post that contained a preview image portraying smaller images, including images

10

that depicted a closeup of Minor Victim 14's unclothed legs
spread to show her genitals in the middle of the image.
The post also included a link for the preview image and a
link to download full-size versions of the smaller images,
along with text about the images.  Minor Victim 14 was
approximately five years old at the time of the post.

- On January 12, 2017, HARRELL made a post that contained a
  preview image portraying smaller images, including images
  that depicted a closeup of Minor Victim 5's unclothed
  genitals being spread by HARRELL's fingers.  The post also
  included a link for the preview image and a link to
  download full-size versions of the smaller images, along
  with text about the images and a statement that there would
  be more.  Minor Victim 5 was less than two years old at the
  time of the post.

- On April 15, 2017, HARRELL made a post that included links
  to two image previews of video files and links to the two
  video files, as well as text describing the videos.  One of
  the videos depicted Minor Victim 6 being anally penetrated
  by HARRELL's penis.  Minor Victim 6 was less than three
  years old at the time of the post.

As to Count 2, on or about September 24, 2016, HARRELL took
custody and control of Minor Victim 11, who was then approximately
three years old, and transported him to Brinson's residence for the
purpose of producing child pornography.  While in HARRELL's custody,
HARRELL and Brinson created images of Minor Victim 11, which depicted
the lascivious exhibition of Minor Victim 11's genitals and images

that depicted adult fingers touching Minor Victim 11's penis and
anus. HARRELL's offer to obtain custody of Minor Victim 11 was
communicated using a cellular telephone network, i.e., a means or
facility of interstate commerce.

As to Count 3 through 5, between approximately September 24,
2016 and May 28, 2017, HARRELL and Brinson, each assisting the other,
created images and/or videos of Minor Victims 3, 11, and 12, which
depicted the lascivious display of the genitals of Minor Victims 3,
11, and 12, as well as HARRELL and/or Brinson orally copulating, or
masturbating or anally penetrating Minor Victims 3, 11, and 12.  Each
image or video was produced or transmitted using materials that were
manufactured outside of California.  At all relevant times, Minor
Victim 3 was less than 8 years old and Minor Victim 12 was less than
4 years old.

As to Counts 7 through 20, between approximately 2013 and May
28, 2017, HARRELL created images and/or videos of Minor Victims 5, 6,
7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, and 20, each of which
depicted the lascivious display of the genitals of those minors or
depicted HARRELL orally copulating or masturbating the minors or
penetrating them with his penis.  Each image or video was produced or
transmitted using materials that were manufactured outside of
California.  At all relevant times, Minor Victims 5, 6, 7, 8, 9, 10,
13, 14, 15, 16, 17, 18, 19, and 20 were less than 10 years old.

As to Counts 21 through 23, on approximately May 19, 2017,
HARRELL created images and/or videos of Minor Victims 21, 22, and 23,
which depicted the lascivious display of the genitals of each of
those minors.  Each image or video was produced or transmitted using

materials that were manufactured outside of California.  At all relevant times, Minor Victims 21, 22, and 23 were less than 7 years old.

As to Count 24, on approximately May 28, 2017, HARRELL possessed at least one electronic device that contained images and videos of minors, including minors who were under 12 years old who are not Minor Victims 3 or 5-23, that depict among other things, the lascivious display of the minors' genitals.  These images were produced using materials that had been transported across a state line into California and/or had been transmitted via the internet, i.e., a means or facility of interstate commerce.

All of HARRELL's offenses described above took place in the state of California and in whole or in part within the Central District of California.  He took these actions knowingly and deliberately and not by mistake or accident.  All of the individuals designated as "Minor Victims" were under the age of 18 at the time of his conduct.  This Factual Basis does not recite every fact known to the United States about HARRELL's conduct, and it does not prevent either party from introducing additional facts or evidence at sentencing.

**VI.  WAIVER OF CONSTITUTIONAL RIGHTS**

20.  By pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant

13

understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.