TRACY WILKISON
Acting United States Attorney
BRANDON D. FOX/CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chiefs, Criminal/National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
VOCS/Cyber & IP Crimes Section
    1300/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559/0649
    Facsimile: (213) 894-2927
    E-mail:    devon.myers@usdoj.gov

LAUREN KUPERSMITH
KYLE REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
    1301 New York Avenue, NW
    Washington DC 20005
    Telephone: (202) 514-1564/616-2842
    Facsimile: (202) 514-1793
    E-mail:    kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-1 |
|---|---|
| Plaintiff, | FACTUAL BASIS IN SUPPORT OF DEFENDANT HARRELL'S PLEA |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys

Devon Myers and Kim Meyer, and defendant ARLAN WESLEY HARRELL, both individually and by and through his counsel of record, Deputy Federal Public Defender Kim Savo, agree that the following facts are true and correct and that if Harrell had proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and reliable evidence:

As to Count 1, HARRELL (a/k/a "soole," "fritters," "kronos," and "the dread king") was a member of "Website A," which was an Internet-based, members-only bulletin board dedicated to the production, advertisement, transportation, receipt, distribution, and possession of child pornography depicting children five years old or younger.  HARRELL admits that he was a member of Website A and that he made posts under the username "Soole."  When HARRELL was a member, Website A had over one thousand members.  Its members used screen names to mask their identities, followed security rules regarding remaining anonymous, and needed to use a network that masked each member's Internet Protocol address.

Members could make "posts" to Website A that often included child pornography images and videos and links to child pornography.  Members could make these posts in different sections of Website A that were dedicated to child pornography depicting children of certain ages and genders. Website A also allowed members to ascend to certain "ranks" based on the extent of that member's participation in Website A, including the amount of child pornography the member shared over the website.

1    HARRELL joined Website A on approximately February 12,
2 2016 and made approximately 155 posts to other Website A
3 users.  For example, acting in concert with co-defendant, John
4 Richard Brinson, and other members of Website A, HARRELL made
5 posts on Website A on November 3, 2016 of Minor 14, January
6 12, 2017 of Minor 5, and April 15, 2017 of Minor 6, each of
7 which constituted visual depictions of child pornography, the
8 production of which involved the use of the minor engaging in
9 sexually explicit conduct.  Defendant Harrell knowingly posted
10 and advertised said visual depictions seeking and offering to
11 receive in exchange other visual depictions of minors engaged
12 in sexually explicit conduct.  Defendant Harrell posted said
13 visual depictions on Website A using his computer, a means and
14 facility of interstate commerce and in and affecting
15 interstate commerce.
16    As to Count 2, on or about September 24, 2016, HARRELL
17 took custody and control of Minor Victim 11 and transported
18 him to Brinson's residence for the purpose of producing child
19 pornography.  While in HARRELL's custody, HARRELL and Brinson
20 created images of Minor Victim 11, which constituted visual
21 depictions of Minor 11 engaged in sexually explicit conduct.
22 HARRELL's offer to obtain custody of Minor Victim 11 was
23 communicated using a cellular telephone network, i.e., a means
24 or facility of interstate commerce.
25    As to Counts 3 through 5, between approximately September
26 24, 2016 and May 28, 2017, HARRELL and Brinson, each assisting
27 the other, created images and/or videos of Minor Victims 3,
28 11, and 12, which depicted lascivious displays of the genitals

of those minors or those minors engaged in sexually explicit conduct.  Each image or video was produced or transmitted using materials that were manufactured outside of California.

As to Counts 7 through 20, between approximately 2013 and May 28, 2017, HARRELL created images and/or videos of Minor Victims 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, and 20, each of which depicted the lascivious display of the genitals of those minors or those minors engaged in sexually explicit conduct.  Each image or video was produced or transmitted using materials that were manufactured outside of California.

As to Counts 21 through 23, on approximately May 19, 2017, HARRELL created images and/or videos of Minor Victims 21, 22, and 23, which depicted the lascivious display of the genitals of each of those minors.  Each image or video was produced or transmitted using materials that were manufactured outside of California.

As to Count 24, on approximately May 28, 2017, HARRELL possessed at least one electronic device that contained images and videos of minors, including minors who were under 12 years old who are not Minor Victims 3 or 5-23, that depict the lascivious display of the minors' genitals.  These images were produced using materials that had been transported across a state line into California and/or had been transmitted via the internet, i.e., a means or facility of interstate commerce.

All of HARRELL's offenses described above took place in whole or in part within the Central District of California.  He took these actions knowingly and deliberately and not by mistake or accident.

Dated: XXX, 2021

Respectfully submitted,

TRACY WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


    /s/
_____
DEVON MYERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am ARLAN WESLEY HARRELL's attorney. I have carefully reviewed the facts set forth above with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____     _____
KIM SAVO,                                Date
Deputy Federal Public
Defender

Attorney for Defendant
ARLAN WESLEY HARRELL


After consulting with my attorney, I hereby stipulate that I have reviewed the facts set forth above, they are true and accurate, and if this case had proceeded to trial, the United States would have proven them beyond a reasonable doubt.

_____     _____
ARLAN WESLEY HARRELL                     Date