TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal and National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime/Cyber & IP Crimes Sections
  1300/1500 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-8559/0649
  Facsimile: (213) 894-2927
  E-mail: kim.meyer@usdoj.gov
    devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
  1301 New York Avenue, NW
  Washington DC 20005
  Telephone: (202) 514-1564
  Facsimile: (202) 514-1793
  E-mail: lauren.kupersmith@usdoj.gov
    Kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S OBJECTION REGARDING DEFENDANT HARRELL'S SUBMISSION RELATED TO HIS PROPOSED FACTUAL BASIS FOR HIS UPCOMING CHANGE OF PLEA HEARING |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its attorneys of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Devon

Myers and Karen I. Meyer and Department of Justice Trial Attorneys Lauren Kupersmith and Kyle P. Reynolds, hereby this Objection Regarding Defendant Arlan Wesley Harrell's Submission Related To His Proposed Factual Basis For His Upcoming Change Of Plea Hearing.

Dated: May 13, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal/National Security Divisions

  /S/
DEVON MYERS
KAREN I. MEYER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S OBJECTION TO DEFENDANT'S FACTUAL BASIS SUBMISSION**

Defendant Arlan Wesley Harrell ("defendant") has indicated that he intends to plead open to all counts of the Second Superseding Indictment ("SSI") in which he is named on May 14, 2021. On May 11, 2021, the government filed its Notice of Memorandum In Aid of Defendant Harrell's Change of Plea. (Docket Entry "DE" 276.)  In it the government: (1) explained that it was unable to agree on a factual basis with the defense; (2) provided an explanation of why it believes a factual basis with non-legal language beyond the Second Superseding Indictment's ("SSI") statutory wording is necessary; and (3) submitted its proposed factual basis, among other items.

On May 12, 2021, defendant filed his own factual basis in support of his plea.  (DE 279.)  This document mistakenly includes the government's heading and a signature line with the government attorney's signature designated by an "/s/" and unsigned blanks for defense counsel and defendant.  (Id.)  As such, it appears that it is a document filed or proposed by the government, which it is not.

The government had previously sent a different version of this document to the defendant in an attempt to negotiate an agreed factual basis.  The defendant sent back edits to the government, to which the government did not agree.  It appears that what was filed as docket entry 279 is the defendant's edited version of the government's original document, but because it maintains the government's heading and signature block, it appears that it is the government's or a joint submission, which it is not.  The document that defendant filed is only the defendant's version of the factual basis.  Because it uses many legal terms of art, oversimplifies some

1 of the complex charges, and eliminates some critical facts, such as
2 the age of the victims, the government believes this factual basis is
3 insufficient for the Court to determine that the defendant
4 understands "the nature of each charge to which the defendant is
5 pleading." Fed. R. Crim. P. 11(b)(1)(G); DE 276 at 1-2.