CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
KIM SAVO (Bar No. 223197)
(E-Mail: kim_savo@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ARLAN HARRELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ARLAN HARRELL,<br><br>　　　　Defendant. | Case No. 17-404-AB<br><br>**DEFENDANT HARRELL'S MEMORANDUM OF LAW IN SUPPORT OF CHANGE OF PLEA** |

　　　Defendant, Arlan Harrell, by and through his counsel of record, Deputy Federal Public Defender Kim Savo, respectfully submits the attached Memorandum of Law to assist the Court with the change of plea hearing.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: July 6, 2021　　　　　　　By  */s/ Kim Savo*
　　　　　　　　　　　　　　　　　KIM SAVO
　　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　　Attorney for Arlan Harrell

1

## **MEMORANDUM**

For purposes of a change of plea under Federal Rule of Criminal Procedure 11, a defendant need not "personally admit the facts that establish a basis for the plea." *United States v. Nieves-Rumbo*, 19 Fed.Appx. 486 (9th Cir. 2001). A district court need only satisfy itself that there is a factual basis before accepting the plea. *See United States v. Aquino*, 242 F.3d 859, 866 (9th Cir. 2001). The text of Rule 11 permits courts to reject certain types of plea agreements, but not guilty pleas. The Ninth Circuit has held that a district court *must* "accept an unconditional guilty plea, so long as the Rule 11() requirements are met." *In re Vasquez-Ramirez*, 443. F.3d 692, 696 (9th Cir. 2006). Rule 11(b)(3) requires the district court to determine that there is a factual basis to ensure that the defendant "is not mistaken about whether the conduct he admits to satisfies the elements of the offense charged." *McCarthy v. United States*, 394 U.S. 459, 466-67 (1969). In fact --although not the case here-- a court can find a factual basis even if the defendant insists he is innocent. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1966). There is no specific method for establishing the factual basis. *See United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983). "Different judges do this in different ways, and many different ways are proper." *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001). The plea colloquy must be sufficiently thorough to provide the defendant with an understanding of the law in relation to the facts. *McCarthy*, 394 at 466.

For these reasons, Mr. Harrell's previously filed proposed factual basis is sufficient for purposes of his offer to enter a change of plea.

///

///

He need not admit and the court cannot require him to admit facts that are not necessary to prove an element of the offense.

                                            Respectfully submitted,

                                            CUAUHTEMOC ORTEGA
                                            Federal Public Defender

DATED: July 6, 2021            By  /s/ Kim Savo
                                            KIM SAVO
                                            Deputy Federal Public Defender
                                            Attorney for Arlan Harrell