```
 1              UNITED STATES DISTRICT COURT

 2      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3       HONORABLE ANDRÉ BIROTTE JR., U.S. DISTRICT JUDGE

 4


 5   UNITED STATES OF AMERICA,      )
                                    )
 6                  PLAINTIFF,      )
                                    )
 7            vs.                   ) No. CR 17-0404-AB
                                    )
 8   1) ARLAN WESLEY HARRELL,       )
     2) JOHN RICHARD BRINSON, JR.,  )
 9                                  )
                    DEFENDANTS.     )
10   _____)

11


12


13            REPORTER'S TRANSCRIPT OF PROCEEDINGS

14               WEDNESDAY, JANUARY 27, 2021

15                       10:09 A.M.

16                  LOS ANGELES, CALIFORNIA
```

**CHIA MEI JUI, CSR 3287, CCRR, FCRR**
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, ROOM 4311
LOS ANGELES, CALIFORNIA 90012
cmjui.csr@gmail.com

```
 1  APPEARANCES OF COUNSEL:

 2  FOR THE PLAINTIFF:

 3        OFFICE OF THE UNITED STATES ATTORNEY
          BY: DEVON MYERS
 4        BY: KAREN I. MEYER
          ASSISTANT U.S. ATTORNEY
 5        312 NORTH SPRING STREET, 13TH FLOOR
          LOS ANGELES, CALIFORNIA 90012
 6        (213) 894-2434
                    - AND -
 7        U.S. DEPARTMENT OF JUSTICE
          CHILD EXPLOITATION AND OBSCENITY SECTION
 8        BY:  LAUREN KUPERSMITH
          1301 NEW YORK AVENUE, NW, 11TH FLOOR
 9        WASHINGTON, D.C. 20530
          (202) 514-1564
10

11  FOR THE DEFENDANT HARRELL:

12        OFFICE OF THE FEDERAL PUBLIC DEFENDER
          BY: KIM SAVO
13        DEPUTY FEDERAL PUBLIC DEFENDER
          321 EAST 2ND STREET
14        LOS ANGELES, CALIFORNIA 90012
          (213) 894-2854
15
    FOR THE DEFENDANT BRINSON:
16
          GREGORY NICOLAYSEN, ATTORNEY AT LAW
17        27240 TURNBERRY LANE, SUITE 200
          VALENCIA, CALIFORNIA 91355
18        (818) 970-7247

19

20

21

22

23

24

25
```

```
 1           LOS ANGELES, CALIFORNIA; WEDNESDAY, JANUARY 27, 2021
 2                             10:09 A.M.
 3                               - - -
 4           THE CLERK:  Calling CR 17-0404, United States of
 5   America versus Arlan Wesley Harrell and John Richard
 6   Brinson, Jr.
 7           Counsel, please state your appearances.
 8           MS. MYERS:  Good morning, Your Honor.
 9           Kim Meyer, Lauren Kupersmith, and Devon Myers on
10   behalf of the United States.
11           THE COURT:  Good morning.  I see Ms. Meyer --
12   Ms. Myers, and I see Ms. Meyer.  I do not see
13   Ms. Kupersmith.  Is she on the call via telephone?
14           Ah, there she is.  She just popped up.  I see
15   everyone now.  Okay.  Great.  Good morning to you all.
16           Now for the defense.
17           MS. SAVO:  Good morning, Your Honor.
18           Kim Savo for the federal public defender on behalf
19   of Mr. Harrell.  We are both appearing by videoconference.
20           THE COURT:  Good morning to you both.
21           Last but not least.
22           MR. NICOLAYSEN:  Good morning, Your Honor.
23           Greg Nicolaysen appearing as counsel for the
24   defendant, John Brinson, who is also appearing by video from
25   MDC.
```

1       THE COURT: Good morning to you both as well.
2       We are proceeding via videoconferencing today
3  because of the COVID-19 pandemic. There have been various
4  orders issued over the last nine or ten months, but more
5  specifically our Chief Judge here in this district has
6  activated the Continuity of Operations Plan which
7  effectively shuts the courthouse down to the public to limit
8  the spread of the virus but allows hearings such as these to
9  go forward.
10      And in light of the foregoing, I do find good
11 cause to proceed via videoconferencing for the hearing in
12 this case, and I find that the status conference should not
13 be further delayed without serious harm to the interests of
14 justice.
15      So we are here today for a status conference. And
16 so I guess I should just inquire, maybe start with the
17 government. What is the status as it relates to this case?
18 Who from the government has drawn the short straw?
19      MS. MYERS: That's me, Your Honor, Devon Myers. I
20 have the short straw, as it were.
21      The government has been preparing for trial. We
22 were optimistic back in October and November of 2020 that we
23 could go on the March 23rd date which is the current trial
24 date.
25      However, Your Honor, given the continuing

1   operations order that you mentioned as well as the Corona
2   virus surge that is happening in Los Angeles, it seems that
3   it is unlikely that we will be able to proceed to trial on
4   the currently scheduled date predominantly because defense
5   counsel cannot meet in person with their clients.  So one of
6   the agenda items for today is to move the trial date.
7           I have also been informed via defense counsel,
8   Ms. Savo, that Defendant Harrell intends to enter a plea,
9   will not be going to trial in this case.
10          So Defendant Brinson, as I understand it, will be
11  going to trial, and we have worked out a trial date and some
12  pretrial date with his counsel, Mr. Nicolaysen.
13          And my understanding is Defendant Brinson intends
14  to waive jury trial.  So, hopefully, with vaccination
15  rollouts and, hopefully -- and even the pandemic, we will be
16  able to go on the date that we have selected especially if
17  we're not having to worry about members of the public having
18  to be vaccinated as well.
19          THE COURT:  What date were you -- did you all
20  discuss?
21          MS. MYERS:  August 3rd, Your Honor.
22          THE COURT:  And that would be for a bench trial?
23          MS. MYERS:  That's my understanding, Your Honor.
24          MR. NICOLAYSEN:  Yes, Your Honor.  We have not
25  filed a jury waiver at this time, but we anticipate that we

1  would proceed as a bench trial.
2      However, I would expect that we could proceed in
3  the courtroom itself in person.  I don't expect to do the
4  trial by video.
5      So I think we are conducting today's proceeding
6  with the expectation, as government counsel mentioned, that
7  there will be a sufficient vaccination rollout so that the
8  courthouse can be reopened for normal operations.
9      THE COURT:  Okay.  All right.  Thank you.
10     Ms. Savo, long time no see.  What, if anything, do
11 you wish to add to this discussion?
12     MS. SAVO:  Your Honor, we are going to agree and
13 sign a stipulation to continue the trial date.  Given the
14 gravity of the charges in this case, serious sentencing
15 exposure, we do not feel comfortable being --
16     THE COURT:  Ms. Savo, do me a favor.  For some
17 reason, I don't know if it's your computer or our system.
18 It's very muffled.
19     MS. SAVO:  I will try and do that.  Is that
20 helpful at all?
21     THE COURT:  Yes, thank you very much.
22     MS. SAVO:  Okay.  So we just don't feel
23 comfortable doing a change of plea in this case with these
24 facts and the sentencing exposure by video.
25     You can see where Mr. Harrell is sitting by

1  himself in a cell.  And --
2              THE COURT:  Is Mr. Harrell in Santa Ana?
3              MS. SAVO:  Yes.
4              THE COURT:  Okay.
5              MS. SAVO:  So my proposal so that we can appear in
6  person for the change of plea is that we will also sign the
7  stipulation to continue the trial date.  And then, once we
8  have a clear sense of when we can actually get into the
9  courtroom, we can schedule a time for change of plea.
10             It's going to be an open plea.  There is an issue
11 around filing [audio disruption] so that would be where we
12 stand.
13             THE COURT:  All right.  Thank you, Ms. Savo.
14             I just want to make sure our court reporter was
15 able to hear.  So I am going to briefly summarize in the
16 event there was anything missed.
17             Ms. Savo, you indicated, because of the gravity of
18 the offense, the exposure that's at issue, you are going
19 to -- you are inclined to continue the matter for trial date
20 likely in August but would much prefer not to do a change of
21 plea via videoconferencing and want to do so at a time when
22 the Court is open to the public.
23             And I can respect that.  And, you know, I guess
24 we'll all be cautiously optimistic that that will be sooner
25 rather than later but probably no earlier than -- who knows.

```
 1   I would be guessing to even just come up with a date but
 2   probably for at least another couple months, I suspect.  And
 3   so I understand that.
 4           Let me ask Mr. Brinson and Mr. Harrell or -- I
 5   guess, talk to you both for a moment to just make sure you
 6   understand what's happening here today.
 7           Both of your lawyers have indicated that they wish
 8   to continue this trial date that's currently scheduled for
 9   March to a date in August, August 3rd specifically for
10   either a jury trial or bench trial.
11           Mr. Nicolaysen has indicated that it may be a
12   bench trial, meaning the case -- I would hear the evidence,
13   and I would make the decision, but that date of August 3rd
14   is a date that both counsel are proposing.
15           You have a right to be brought to jury trial,
16   generally speaking, 70 days from your initial appearance in
17   court.
18           Obviously we've gone well beyond that date for a
19   number of reasons.  But I want to make sure you are both
20   okay with us continuing this trial to August the 3rd.
21           Mr. Harrell?
22       (Brief pause in the proceedings.)
23           THE COURT:  I'm sorry.  Can you -- can't hear you.
24           Let's try Mr. Brinson.  Maybe the audio will work.
25           Mr. Brinson, can you hear us?
```

```
 1              DEFENDANT BRINSON:  Yeah, I can hear you.
 2              THE COURT:  Are you okay with us continuing your
 3   trial to August 3rd?
 4              DEFENDANT BRINSON:  No, I don't want to continue
 5   it.
 6              THE COURT:  You do not want to continue it?
 7              DEFENDANT BRINSON:  I do not.
 8              THE COURT:  When do you want to have a trial then,
 9   sir?
10              DEFENDANT BRINSON:  The day that it's set for.
11              THE COURT:  In March?
12              DEFENDANT BRINSON:  In March.
13              THE COURT:  Now, you understand, sir, because of
14   the COVID-19 pandemic, we do not have any jurors to be
15   brought into court to have a trial, sir?  Do you understand
16   that?
17              DEFENDANT BRINSON:  I was under the assumption
18   that we were having a bench trial.
19              THE COURT:  Okay.  Now that is something -- your
20   lawyer has discussed that, but he has not -- there has not
21   been an explicit agreement between yourself and the
22   government as to having a -- having the case tried by the
23   Court.
24              Are you saying you want to have the case tried by
25   the Court instead of a jury?
```

1   DEFENDANT BRINSON: Yes. I don't mind that at
2   all. However, I just don't want the trial date to be
3   extended. It's 3 1/2 years. We already know the situation.
4   I am ready to either go to trial or take a plea deal. They
5   don't want to offer that, then I want to go to trial.
6         THE COURT: Okay. All right. Then it seems to
7   me, Mr. Nicolaysen, if your client is not willing to waive
8   time as it relates to the trial date, then I think the trial
9   date we have scheduled is March 26th. Is that correct? Let
10  me just double-check. Hold on.
11        (Brief pause in the proceedings.)
12        THE COURT: I'm sorry. March the 23rd.
13        Mr. Nicolaysen, do you want to just go ahead and
14  set the trial date for March 23rd, then?
15        MR. NICOLAYSEN: Well, the trial is already set
16  for March 23rd. But I have to put on the record I have not
17  been able to meet with John Brinson.
18        I know he has been extremely eager to meet with
19  me. And it's simply the pandemic that has kept me from MDC.
20  The good cause news is I expect to have my two vaccinations
21  and be done and ready to go by early March.
22        I have had the first of the two shots already, and
23  so I expect to be able to meet with Mr. Brinson starting in
24  early March, but that's not going to give me enough time to
25  be prepared for a March 23rd trial. We have a lot of work

1  to do together, and I do need the additional time.
2         I also feel that we need to really think this
3  through as far as how we want to proceed.  Plea negotiations
4  have been difficult in this case, and, to the extent there
5  is still an opportunity to resolve the case, I think the
6  extension would be productive.
7         In addition to that, I don't know if the
8  courthouse is going to be open in March, and I share
9  Ms. Savo's position that in-court proceedings even for
10 pleas, change of pleas, need to be available to the parties.
11 We cannot do a change of plea in a case of this particular
12 magnitude by video.
13        So I think we do have excludable time, and I share
14 Mr. Brinson's frustrations -- I respect it -- but I think
15 it's prudent to grant the continuance, and I will be
16 requesting that.  I would ask the Court to grant it over the
17 defendant's objection.
18        DEFENDANT BRINSON:  This --
19        THE COURT:  Hold on, Mr. Brinson.  Well, go ahead,
20 Mr. Brinson.  Go ahead.
21        DEFENDANT BRINSON:  I just want to point out he
22 said that he can't come and see me.  I know that people's
23 attorneys have been coming to see them.  They have it set up
24 to where we can meet with the COVID precautions.
25        So my thing is I haven't seen this dude in like

```
 1   since January of 2020, December, since the last time we
 2   took -- went to court, as a matter of fact.  So I am upset.
 3   It's 3 1/2 years.  We all know the situation.  Why are we
 4   still continuing this?
 5           THE COURT:  Well, look.  There is a couple things
 6   that come to mind.  Number one, yes, I understand your
 7   frustration.  I understand from where you sit -- you have
 8   been in jail for three years and there hasn't been a trial.
 9           Number two, we just have to be realistic about
10   this.  This pandemic has turned everything upside down.
11   There have been times -- you are at MDC; right?
12           DEFENDANT BRINSON:  Yes.
13           THE COURT:  So you know there has been a long
14   period of time where no one can come visit anyone.  I'm not
15   necessarily excusing or trying to justify anything that's
16   happened other than let's just be candid about the state of
17   affairs.
18           There have been some very serious circumstances
19   that have prevented lawyers like Mr. Nicolaysen, like
20   Ms. Savo in other cases where I have had from meeting with
21   their clients, whether it's MDC protocols, individual's own
22   health precautions, and so it has caused a wrinkle in the
23   system.  So I want to make sure you understand that
24   component as well.
25           So what I'm going to do is I am going to keep the
```

```
 1   trial date as March the 23rd until and unless I hear
 2   otherwise.
 3           The parties, Mr. Nicolaysen, you can meet with
 4   your client.
 5           Ms. Savo, meet with your client.
 6           If you all file a stipulation to continue the
 7   trial that's appropriately authorized, then I will consider
 8   it and then decide what to do.
 9           But based on what I have heard now, I'm not
10   comfortable continuing this trial right now until I get
11   further -- until this issue is further flushed out.
12           So we'll keep the trial date for March the 23rd.
13   We have a status conference set for March the 12th as well.
14   So we'll leave those dates as is and until and unless we
15   hear otherwise.
16           But for Mr. Harrell and Mr. Brinson, both of you
17   need to know -- look.  Our courthouse has been closed to the
18   public.  We have not allowed anyone other than, quite
19   frankly, judges and staff to be in the building.
20           The lawyers have not been in the building for
21   several months.  If we do have a trial in March, it will not
22   likely be in the courthouse.  It will be a Zoom trial, which
23   Courts have been experimenting with throughout the country.
24   Again, I am just being realistic with you all.
25           Let me jump back to Mr. Harrell.  Can you -- is
```

```
 1  your audio working now?
 2          DEFENDANT HARRELL:  Yes, sir, I believe it's
 3  working now.
 4          THE COURT:  Okay.  I want to talk -- I want to
 5  make sure you understand everything that's been going on.
 6          Your lawyer has indicated that she wishes to
 7  continue the matter because she wants to talk with you, and
 8  also she's not comfortable, to the extent you have decided
 9  that you want to enter a plea, with you entering a plea via
10  videoconferencing.
11          So I want to make sure just on the record are you
12  okay with what she has proposed?
13          DEFENDANT HARRELL:  Yes, sir, I am okay with the
14  recommendation for an extension to a later period of time
15  because I have not had time to meet with my attorney.  Yes,
16  sir.
17          THE COURT:  Okay.  All right.  And again,
18  Mr. Harrell -- look.  It's an unfortunate circumstance, just
19  the reality.  It's been a challenge for -- on all sides of
20  the spectrum trying to get people to meet because of this
21  pandemic.  But okay.  At least I understand.  I now know
22  where you stand relative to that.
23          Okay.  Is there anything else that we need to
24  discuss this morning from the government?
25          MS. MYERS:  No, Your Honor, I don't believe there
```

```
 1   is.
 2            THE COURT:  Okay.  Ms. Meyer and Ms. Kupersmith,
 3   they don't want to say anything to justify their existence
 4   here this morning, I take it.  They'll just be silent.
 5            Mr. Nicolaysen, anything further that we need to
 6   discuss this morning?
 7            MR. NICOLAYSEN:  Yes, Your Honor.  Thank you.
 8            As I mentioned, I have had the first of two
 9   vaccinations.  I expect the second in mid-February.  I plan
10   to start going to MDC actively on this and other cases
11   starting in the beginning of March, and I looked at the
12   month of March as the resumption of the normal routine after
13   literally a year of hiatus.
14            But I am not comfortable -- I went to MDC once
15   about three weeks ago to get a plea agreement signed, and I
16   was not comfortable being there.  And MDC has had serious
17   COVID issues.
18            So if we keep the current March 23rd trial date, I
19   will not be able to meet in person with Mr. Brinson until
20   the beginning of March.  I will do my best to schedule
21   videos, but that is very difficult because we all share the
22   same video feed.
23            And I will try my best to set phone conferences,
24   but you can't be productive in a trial preparation setting
25   talking by phone and the phone discussions are limited.
```

1          So if Mr. Brinson is disinclined to continue the
2  trial to August 3rd, I just need the record to be clear that
3  face-to-face meetings at MDC will not resume until early
4  March.
5          THE COURT:  You have made your record.  Okay.
6  Thank you.
7          Ms. Savo, anything further?
8          MS. SAVO:  No, Your Honor.  I will just confer
9  with the government.  Thank you.
10         THE COURT:  Okay.  Look.  Obviously, there is a
11 lot of meeting and conferring that needs to go on on a
12 number of different levels.  We're here, available.  If you
13 need any further status conferences, let the Court know.
14         But right now we've got a status conference set
15 for March 12th, trial date set for March 23rd, and we'll
16 keep those dates until and unless something has been
17 submitted to the Court that suggests that I should consider
18 otherwise.
19         In the meantime, everyone be healthy and safe.
20         Mr. Nicolaysen, I am glad to hear you got at least
21 the first phase of the vaccination, and I hope that is a
22 sign for this region that people will start getting access
23 to these vaccinations so that we can resume a,
24 quote/unquote, normal routine back here in the Courts.
25         So until then, be healthy, and safe and that

```
 1  concludes this hearing.  Thank you, everyone.
 2           MR. NICOLAYSEN:  Thank you.  Bye.
 3           MS. MYERS:  Thank you, Your Honor.
 4       (Proceedings concluded at 10:28 a.m.)
 5                       --oOo--
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: May 23, 2022.

*/S/ CHIA MEI JUI*

Chia Mei Jui, CSR No. 3287