**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Appellee,<br><br>   v.<br><br>ARLAN WESLEY HARRELL, AKA Fritters, AKA Kronos, AKA Soole, AKA The Dread King,<br><br>            Defendant-Appellant. | No.   22-50035<br><br>D.C. No. 2:17-cr-00404-AB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted April 14, 2023
Pasadena, California

Before: W. FLETCHER, BERZON, and LEE, Circuit Judges.

Arlan Harrell appeals from the district court's order sentencing him to life in prison for child exploitation, production of child pornography, and possession of child pornography. He argues that his constitutional rights were violated at sentencing because (1) the district court impermissibly based its sentencing decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

on unreliable information from a victim impact statement and (2) the government and the victims' parents used harsh language to describe him.

We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 3742(a), and we affirm the district court. Because Harrell did not object while the sentencing proceedings were underway, we review his claims for plain error. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 934 (9th Cir. 2009).

1.  The district court did not violate Harrell's rights by impermissibly relying on a victim impact statement in which the mother of two of Harrell's victims suggested that Harrell is a psychopath who is likely to recidivate. To establish that a district court inappropriately relied on unreliable information in sentencing, the defendant must show that the unreliable information "demonstrably made the basis for the sentence." *Id.* at 935–36 (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)). We presume that a sentencing judge reviewing victim impact statements "applied the law . . . and considered only evidence that he knew was admissible." *Rhoades v. Henry*, 638 F.3d 1027, 1055 (9th Cir. 2011).

In this case, there is insufficient evidence to overcome the presumption that the district court disregarded any unreliable information in the mother's victim impact statement. *See id.* The district court never mentioned the mother's recidivism-related statements when explaining its decision to impose a life sentence. Although the mother and district court both described Harrell as "manipulative,"

there is nothing notable about their common use of the term, as there was significant evidence that Harrell's behavior *was* manipulative and the word "manipulative" is not a term of art. And the district court expressed uncertainty about Harrell's rehabilitation prospects both before and after the mother spoke, suggesting that the mother's statements did not affect the district court's assessment of this issue.

Harrell's alternative argument that he did not receive adequate notice of the mother's statements (as required by Federal Rule of Criminal Procedure 32) also fails because the mother's statements were fully disclosed "in open court at the sentencing hearing." *See United States v. Baldrich*, 471 F.3d 1110, 1114–15 (9th Cir. 2006). And Harrell had a meaningful opportunity to challenge her statements, as the district court gave him the chance to make objections after the victim impact statements were completed.

2. The harsh language used during the sentencing proceedings did not violate Harrell's constitutional rights. Victim impact statements are "admissible at sentencing unless their admission would be 'so unduly prejudicial that it renders the sentence fundamentally unfair.'" *Beaty v. Stewart*, 303 F.3d 975, 985 (9th Cir. 2002) (quoting *Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997)). Improper language from the government violates a defendant's rights only where it "so infected the [sentencing proceedings] with unfairness as to make the resulting [sentence] a denial of due process." *Allen v. Woodford*, 395 F.3d 979, 1015 (9th Cir.

2005) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Absent evidence to the contrary, we presume that sentencing judges know the law and consider only admissible evidence. *See Rhoades*, 638 F.3d at 1055; *see also Hurles v. Ryan*, 752 F.3d 768, 783 (9th Cir. 2014); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Although the government and victims' parents used strong language at times to describe Harrell and some parents expressed a desire for vengeance against him, no evidence suggests that the harsh language swayed the district court. *See id.* The district court never used dehumanizing language to describe Harrell, and it gave no indication that it overlooked any mitigating circumstances. Its expressions of sympathy for the victims' parents do not suggest that the district court shared the parents' desire for vengeance against Harrell. In sum, nothing in the record disturbs the presumption that the district court properly applied the law in its sentencing decision, notwithstanding the strong language from the victims' parents and the government.

Nor did any error arise from the fact that the victim impact statements extended beyond describing the impact of Harrell's crimes to opine on his personal characteristics and the appropriate punishment. Although the Eighth Amendment prohibits a victim's family members from commenting on "the crime, the defendant, and the appropriate sentence" in a death-penalty case, *Bosse v. Oklahoma*, 580 U.S.

1, 3 (2016), this rule applies only in the capital context. *See Booth v. Maryland*, 482 U.S. 496, 509 n.12 (1987), *overruled on other grounds by Payne v. Tennessee*, 501 U.S. 808 (1991). Victim impact statements are meant "to force the defendant to confront the human cost of his crime," *Kenna v. U.S. Dist. Ct.*, 435 F.3d 1011, 1016 (9th Cir. 2006), and it is unavoidable that some victims will use charged language against the defendant in doing so. We have recognized that such language is admissible "as a reflection of the anguish [the crime] caused." *See Gretzler*, 112 F.3d at 1009. Thus, the strong language used during Harrell's sentencing proceedings did not violate his rights, given that there is no evidence that it influenced the district court.

    **AFFIRMED.**